PLACKE, *Appellant*, v. UNION DEPOT RAILROAD COMPANY.

Division Two, July 6, 1897.

1. **Constitutional Question:** JURISDICTION OF SUPREME COURT. If an ordinance of the city of St. Louis, granting the right to build and maintain a street railway on and over a street, has the effect of destroying abutting property owners' right to access to the street adjacent to their property without just compensation or subjects their property to a new servitude, a constitutional question is involved and confers jurisdiction upon the Supreme Court, in a proceeding to enjoin the building of the road under a city ordinance.

2. **Cases Distinguished:** INJUNCTION. The doctrine of the cases of *Lockwood v. Railroad*, 122 Mo. 86; *Knapp, Stout & Co. v. Railroad*, 126 Mo. 26, and *Schulenburg Lumber Co. v. Railroad*, 129 Mo. 455, deciding that a city has no power to authorize such use of a street as will destroy its use as a public thoroughfare, and enjoining the maintenance of a steam railroad in certain streets under the peculiar circumstances in each case, has no application to the construction of

*street* railways unless such street railways are so defectively constructed as to prevent the current use of the highway by the public in the ordinary course of travel.

3. **Street Railway:** ADDITIONAL SERVITUDE. An electric street railway laid to grade is not an additional servitude and does not infringe upon the property rights of those whose lots abut on the street on and over which the electric road is laid and operated.

4. **Pleading:** GENERAL ALLEGATION. A general allegation in a petition asking for an injunction against operating an electric street railway over a street, that said railway injures plaintiff in a manner different from the inconvenience suffered by the public and other property owners on said street, fails to state substantive facts from which a legal conclusion will follow, and the injunction should be refused.

*Appeal from St. Louis City Circuit Court.*

AFFIRMED.

*Smith & Harrison* and *R. H. Kern* for appellant.

The question involved in this case is whether or not the city of St. Louis has a right to allow its streets to be used by corporations in operating their cars in such a manner as to interfere with the reasonable use of said streets by the public and in such a manner as to interfere with the business of the owner of the property abutting thereon, and to the injury of the business of the owner of property so abutting. Whilst the most liberal concession should be made to the use of streets by street railroad companies, it does not justify the injury complained of in this petition, and that if the plaintiff can show at a trial of this case the injury complained of, the relief he asks should be granted. *Lockwood v. Railroad*, 122 Mo. 86.

*Judson & Taussig* for respondent.

(1) A street railway properly constructed and lawfully authorized does not impose any additional burden

upon an abutting owner. *Ransom v. Railroad*, 104 Mo. 375; *Hickman v. Railroad*, 47 Mo. App. 71; *Williams v. Railroad*, 41 Fed. Rep. 556; *Halsey v. Railroad*, 47 N. J. Eq. 380; *Koch v. Railroad*, 50 Am. and Eng. R. R. Cases (Md.), 401; *Lockhart v. Railroad*, 139 Pa. St. 419.    (2) The change from horse-power to electricity as a motive power does not change the character of a street railway or in any sense constitute a new servitude on the abutting land.    23 Am. and Eng. Ency. of Law, p. 957.    *Williams v. Railroad*, 41 Fed. Rep. 556, and cases *supra*.    (3) There is a fundamental distinction between steam railroads and street railroads, whatever the motive power.    The distinction is between the operation of a steam railroad, practically destroying the uses of the street, and the use of a street railroad, which is presumed to facilitate the legitimate uses of the street.    This distinction is fundamental. See cases *supra*.    (4) The petition is fatally defective in that it fails to show any valid ground for equitable relief.    *McKinzie v. Matthews*, 59 Mo. 99; Bliss on Code Pleading, sec. 210, *et seq.; Mitchell v. City of Clinton*, 99 Mo. 159; *Rude v. City of St. Louis*, 93 Mo. 408.

GANTT, P. J.—This is a suit in equity to enjoin the defendant from constructing and operating its electric street railway on Nineteenth street in the city of St. Louis, under ordinances of said city granting it the right to build and maintain such street railway on said street.    The circuit court of St. Louis sustained the demurrer and plaintiff appeals.

I.  The plaintiff raises the constitutional question that the city by the passage of this ordinance is depriving plaintiff of his property right of access to the street adjacent to his property by destroying its character as such.    *Ferrenbach v. Turner*, 86 Mo. 416; *Glaessner v.*

*Brewing Ass'n*, 100 Mo. 508; *Schopp v. St. Louis*, 117 Mo. 131.

If the ordinance has the effect of destroying this property right without just compensation therefor or subjects the property to a new servitude, a constitutional question is involved which confers jurisdiction upon this court. Const. of Mo., art. 2, secs. 20 and 21; Const. of Mo., art. 6, sec. 12; Amendt. of 1884, sec. 5.

II. The plaintiff relies upon *Lockwood v. Railroad*, 122 Mo. 86, as sustaining his claim. That case and the subsequent cases, *Knapp, Stout & Co. v. Railroad*, 126 Mo. 26, and *Schulenburg-Boeckeler Lumber Co. v. Railroad*, 129 Mo. 455, decide that a city has no power to authorize such use of a street as will destroy its use as a public thoroughfare, and enjoined the maintenance of steam railroads in said streets under the peculiar circumstances in each of said cases. It is a misapplication of those cases, however, to apply them to the construction of *street* railways unless such street railways are so defectively constructed as to prevent the current use of the highway by the public in the ordinary course of travel.

This petition seeks to enjoin, not the construction of a street railway which is not laid at grade, or is to be otherwise defectively or dangerously built or laid, but the construction of *any street* railway, claiming that the use of the street for *any such railway* is an invasion of the plaintiff's rights as an abutting owner.

We think the law is plainly written against plaintiff's claim. In *Ransom v. Railroad*, 104 Mo. 375, in which the claim was much like this, it was said: "Such a street railway as this, so laid and operated as not to materially impair access to or the enjoyment of the adjacent property may lawfully be placed in the public highways of a city, if especially sanctioned by proper

authority. Such a use does not impose any additional burden entitling the owner of adjoining land to compensation, nor can it be justly regarded, at the present day, as any substantial impairment of the public easement or of the private rights of proprietors of land abutting on the street."

We think it must now be regarded as settled law that an electric street railway laid to grade is not an additional servitude and does not infringe upon the property rights of those whose lots abut on the street. *Dean v. Railroad*, 93 Mich. 330; *Koch v. Railroad*, 50 Am. and Eng. R. R. Cases (Md.), 401; *Lockhart v. Railroad*, 139 Pa. St. 419; *Railroad v. Railroad*, 156 Ill. 255; *Taggart v. Railroad*, 43 Am. and Eng. R. R. Cases (R. I.), 213.

III. As to the general allegation that it injures plaintiff in a manner different from the inconvenience suffered by the public and other property owners on said street, it is the averment of a mere conclusion. No substantive facts are stated from which a legal conclusion must flow.

It follows that no ground for injunctive relief appears from the petition and the demurrer was properly sustained.

Judgment affirmed. SHERWOOD and BURGESS, JJ., concur.