BEATRICE GUILD AYERS, APPELLANT, V. CITIZENS RAILWAY COMPANY, APPELLEE.

FILED DECEMBER 17, 1908. No. 15,203.

Nuisance: INJUNCTION. It is essential to the right of an individual to relief by injunction against a public nuisance that he should show that he has suffered or will suffer some special injury other than that in which the general public shares, and the difference between the injury to him and the public must be one of kind, and not merely of degree.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed.*

*Flansburg & Williams,* for appellant.

*Hainer & Smith* and *Hall, Woods & Pound, contra.*

GOOD, C.

This is an action to enjoin the construction of a street railway in front of plaintiff's residence property which abuts on south Twenty-Ninth street in the city of Lincoln. The injunction is demanded upon the ground that defendant had not obtained the consent of the electors of said city to lay its tracks and construct its lines of railway upon the streets of said city, and that without such consent the defendant was a trespasser. The cause was submitted to the district court upon an agreed statement of the facts. Defendant had judgment, and plaintiff has appealed.

From the agreed statement of facts it appears that the defendant owns and was operating a system of street railways in the city of Lincoln, and that it claimed to have acquired by purchase the rights and franchises originally granted to the Capitol Height Railway Company, the Lincoln Rapid Transit Company, and the Home Street Railway Company. At the time this action was begun defendant was constructing a line of street railway along and over said south Twenty-Ninth street, and was about to construct its line of railway in front of plaintiff's property. The defendant's right to construct and operate street railways over the streets in the city of Lincoln was before this court in *State v. Citizens Street R. Co.,* 80 Neb. 357. It was there said: "Under the circumstances of this case, we do not think it would be a wholesome public policy to hold that, because of the irregularity which occurred in granting the right which the people had power to confer, such irregularity renders all proceedings under the vote void and of no effect." And in that case it was held that the defendant was entitled to the use of the streets it then occupied. It was recognized

that the defendant had at least a colorable right to go upon and use the streets for the construction of a street railway. Plaintiff's theory is that the occupation of the street by the defendant is without any right, and that the construction of its street railway, including its tracks and lines of poles and wires in the street, constitutes a nuisance. It is a general rule that a public nuisance does not furnish grounds for an action in equity by an individual who merely suffers an injury which is common to the public. The courts of this country generally hold that it is essential to the right of an individual to relief by injunction against a public nuisance that he should show that he has suffered or will suffer some special injury other than that in which the general public shares, and the difference between the injury to him and to the public must be one of kind, and not merely of degree. 29 Cyc. 1210-1212; *Placke v. Union Depot R. Co.,* 140 Mo. 634, 41 S. W. 915; *Bischof v. Merchants Nat. Bank,* 75 Neb. 838; *George v. Peckham,* 73 Neb. 794.

It is urged by the plaintiff that the laying of the track and the erection of the poles and wires for the carrying of the electric current will interfere with her ingress and egress to and from her property, and that the poles and wires will impede and obstruct the view from her premises; but the record does not show that a single pole will be placed in front of plaintiff's premises, nor that her ingress or egress to and from her property will in any degree be interfered with or impeded. Plaintiff asserts that she will be injured by reason of the noise incident to the operation of the street railway; but such injury would not be peculiar to the plaintiff, but would be suffered alike by all property owners residing anywhere along the lines of the street railway. It is not apparent from the record that plaintiff will suffer any injury different in kind from that suffered by the public generally. The lines of street railway and poles and wires may inconvenience the plaintiff to a greater degree than the public generally; but the mere fact that plaintiff uses that street

more frequently than others of the public and may suffer more from the alleged nuisance than others does not present a distinct injury. Her injury is the same in character as that which the public will suffer. The only difference is one of degree, and not of kind. The record does not disclose that plaintiff would suffer any such injury as would entitle her to an injunction.

It follows that plaintiff was not entitled to an injunction. The judgment of the district court is right, and should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is right and is

AFFIRMED.