CHARLES R. POWERS ET AL., APPELLANTS, V. FRED M. FLANSBURG, APPELLEE.

FILED DECEMBER 14, 1911. No. 16,568.

1. **Injunction:** REMEDY AT LAW. The remedy of injunction cannot be used when there are adequate remedies in the usual course of the law.

2. **Nuisance:** PUBLIC NUISANCE: ABATEMENT: SPECIAL INJURY. A private individual cannot maintain an action to suppress a public nuisance, unless he sustains some special injury caused thereby other than that sustained by the public at large.

APPEAL from the district court for Hitchcock county: ROBERT C. ORR, JUDGE. *Affirmed.*

*Perry, Lambe & Butler,* for appellants.

*A. A. McCoy* and *C. E. Eldred, contra.*

SEDGWICK, J.

Three citizens and property owners in the village of Trenton began this action in the district court for Hitchcock county to enjoin the defendant from "conducting or in any manner operating and keeping open" a pool and billiard-hall in the village of Trenton. The finding and judgment were for the defendant, and the plaintiffs have appealed.

The petition alleges that the defendant's license has expired, and that he conducts the business complained of without a license; that he keeps and sells intoxicating liquors in his place of business without any license so to do, and allows drinking and swearing in his place of business, and in various ways keeps and maintains a disorderly and disreputable house, which has become and is a public nuisance. A large amount of evidence was taken, many citizens were called as witnesses, and the evidence in regard to the manner of keeping and conducting the business is somewhat conflicting, but there

is evidence tending to prove that the defendant is keeping and selling intoxicating liquors contrary to law, and maintaining a disorderly house, and doing other illegal and improper things complained of in the petition. It is stated in the brief that the village council was enjoined by the district court from repealing the ordinance which provided for licensing billiard-halls, and that prosecutions were begun against the defendant for keeping and selling intoxicating liquors without license, and that these actions have been allowed to remain in the courts without determination, and that the courts and the officers of the law are preventing the good people of the village of Trenton from enforcing the law and from putting a stop to the unlawful actions and conduct of the defendant.

The evidence shows that an action was begun by this defendant in the district court to enjoin the village council from enacting an ordinance repealing the ordinance under which he was licensed, and in that action a temporary injunction was allowed as prayed, but the evidence does not show what became of these proceedings, nor whether the action was promptly tried or was unduly delayed. The evidence also shows that a complaint was made against this defendant in the county court of Hitchcock county, charging him with unlawfully keeping intoxicating liquors wth intent to sell or dispose of the same contrary to law, and that a warrant was issued, under which a search was made of the premises and certain liquors found and the defendant arrested, and that a hearing was had before the county court, and that the defendant was held to the district court for trial, and a judgment entered by the county court ordering the liquors to be destroyed. The defendant in that action then gave bond for his appearance in the district court and for an appeal to the district court from the judgment ordering the destruction of the liquors. The evidence does not show what was done in this matter in the district court. There is no evidence tending to

support the statements of the brief criticising the courts and officers of Hitchcock county.

If we consider only the allegations of plaintiffs' petition and the evidence which they introduced, it appears that the defendant has been guilty of various crimes as charged in the petition, and that he is violating the criminal law in many particulars. There seems to be a great diversity of opinion in regard to these matters as disclosed by the evidence, and we do not find it necessary to determine the preponderance of the evidence under the issues presented. The trial court made no special findings of fact. There is nothing in the petition or evidence to indicate that the criminal laws of the state are in any respect insufficient to punish the defendant and put a stop to the crimes which it is alleged he has committed, if indeed the defendant is guilty as alleged. The petition does not allege any special interest of these plaintiffs in these proceedings, as distinguished from the interest of the general public. On the other hand, it is specifically alleged that this action was brought by these plaintiffs in their own behalf and in behalf of all of the citizens of Trenton who, it is alleged, were similarly situated. Under these circumstances, it is clear that this action cannot be maintained. If the defendant persists in keeping and selling liquors without license at his place of business in Trenton, the criminal law is amply sufficient to punish such offenses. If the proper officers refuse or neglect to enforce the law, a remedy is provided other than by injunction. If a public nuisance is maintained that affects alike all the members of the community, the public authorities may deal with it, but these plaintiffs have not shown such an interest as will enable them to maintain this action. If the village authorities were improperly enjoined by the district court, the remedy is by appeal, and a review of those proceedings cannot be had in another and independent action. The plaintiffs have failed to allege or prove sufficient grounds, or, in fact, any necessity, for the extra-

ordinary writ of injunction; nor have they shown any special interest, as distinguished from the interest of the general public.

The judgment of the district court is

AFFIRMED.