STATE EX REL. STATE HIGHWAY COMMISSION OF MISSOURI, APPELLANT, v. FREEHOLD INVESTMENT COMPANY, RESPONDENT.—52 S. W. (2d) 577.

Springfield Court of Appeals. August 22, 1932.

Transferred to Supreme Court under writ of certiorari, January 3, 1933.

*John W. Mather, Jean Paul Bradshaw* and *Guy D. Kirby* for appellant.

*C. W. Hamlin* for respondent.

COX, P. J.—This is a proceeding by the State Highway Commission to condemn ten feet along the south side of a tract of land belonging to defendant. The chief value of this land is its value as a part of a rock quarry. On trial by jury in the circuit court, a verdict was returned for plaintiff with a finding also that defendant was not entitled to any damages. This verdict was set aside by the trial court and a new trial awarded because, as stated by the court in the order sustaining the motion for new trial, error was committed by the court in giving and refusing certain designated instructions. Plaintiff appealed.

Running east and west through the City of Springfield, near its north boundary, was a public street known as Keareny street. This street was sixty feet in width, unimproved and traveled very little. The State Highway Commission in routing Highway No. 66 through the City of Springfield, routed it over Kearney street. To do this and make it conform to the requirements of the law as to this highway, it was necessary to increase its width from sixty to eighty feet. This it did by condemning ten feet on each side of the original

Kearney street. The ten feet on the north side of Kearney street was taken off the south side of defendant's land and, as stated, the jury allowed defendant no damages. The State had improved the highway along Kearney street before the trial and in doing so had laid a concrete slab twenty feet wide in the center of the eighty feet. This placed the concrete slab in what was Kearney street before it was taken over by the Highway Commission.

Defendant's evidence tended to show that in order to work the rock quarry, it was necessary to do it by blasting the rock out of its place by large blasts and as a result the rock blasted out would be largely in large chunks that would have to be broken by smaller blasts called "popshots." That in doing this blasting, spalls, or small stones, would fly in every direction and some of them would fly over on the highway and of course would fly on Kearney street before the highway commission took it over. It was also shown by defendant that after the concrete slab was laid, the blasting in the quarry, if it were operated, would likely cause damage to the slab of concrete laid in the highway. That converting Kearney street into an improved State highway with a concrete roadway would and did greatly increase the travel over said street and by reason of the great amount of travel there would be greater danger of injury to persons or property on the highway for which defendant would be held liable as well as the likelihood of injuring the concrete slab for which defendant might also be liable. That if defendant undertook to avoid injury, it would have to muffle its shots and make them smaller to prevent injury to the concrete and build a fence to protect travel on the highway and all this would make the operation of the quarry much more expensive and these items would reduce the market value of the quarry. Had Kearney street not been taken over and widened and improved but had been left in its original condition, there would have been no concrete slab to be injured and the danger of travel on the street would have been slight and for that reason the quarry was much more valuable before the street was taken over and improved by the Highway Commission than it was afterward. This evidence was objected to by plaintiff and the court overruled the objection. Later, the court recalled its ruling and sustained the objection and excluded the testimony from the consideration of the jury. When the instructions were given to the jury, instructions were given on the theory that this evidence was not admissible and that the danger to travelers on the highway and danger of injury to the concrete slab should not be considered by the jury in determining the question of damages to defendant for the taking of the ten feet strip of this land. The court sustained the motion for new trial on the ground that it was error to give these instructions and that error was also committed in refusing an instruction asked by defendant to the effect that in estimating defendant's damages, they should consider the

uses to which the quarry could be put and should not consider the fact that the quarry was, at the time of the trial, not being operated.

The refusal of the last mentioned instruction would justify the court's action in sustaining the motion for a new trial. It is not the use being made of property at a given time that determines its value but the uses to which it is adapted. [St. Louis v. Hill, 116 Mo. 527, 533-4, 22 S. W. 861; Perry Pipe Line Co. v. Schipp, 305 Mo. 663, 267 S. W. 647; Boom Co. v. Patterson, 98 U. S. —, 25 L. Ed. 206, 208.]

On the other question of the danger of injury from blasting, it seems that defendant, if it operated the quarry would be liable for such damages regardless of the question of negligence. [Gilbert v. Fire Brick Co., 214 Mo. App. 207, 260 S. W. 790; Blackford v. Constr. Co., 132 Mo. App. 157, 162, 112 S. W. 287.]

To meet the contention that danger of injury from blasting should be considered as affecting the value of the quarry, it is said that laying the concrete slab in the center of Kearney street as it was at the time is not subjecting the street to a new servitude and hence no damages could be allowed to an adjoining landowner. That position is correct when a street is not widened and the improvement is for the public good and the use of the street as a street is not affected. [The Julia Bldg. Ass'n v. Bell Telephone Co., 88 Mo. 258; Copper & Iron Mfg. Co. v. R. R., 230 Mo. 59, 63, et seq., 130 S. W. 288; Placke v. R. R., 140 Mo. 634, 637, 41 S. W. 915; Chicago Great Western Ry. Co. v. Kemper, 256 Mo. 279, 166 S. W. 291.]

The general rule is, that the measure of damages in condemnation proceedings is the damage to the whole tract of which the land taken is a part. It is extremely difficult, if not impossible, to fix a rule as to things to be considered in estimating damages that will apply to all cases. Each case must rest largely upon its own facts and in a case of original taking of the entire strip to be occupied by a highway where none existed before, any fact resulting from the taking which will affect the value of the tract as a whole and does not similarly affect others in the same neighborhood where lands are not taken should be considered. Had Kearney street not been there and the whole eighty feet had been taken to open a new highway, we are clearly of the opinion that the evidence excluded in this case would have been admissible and the effect on the value of the quarry as a quarry, if it did affect its value, would be a proper matter to be considered. The difficult question in this case arises from the fact that Kearney street was already open before the Highway Commission took it over and converted it into a part of U. S. Highway 66. It is argued with much force that since Kearney street was already open and defendant already liable to pay damages if, in the operation of the quarry, it should throw stones on this street that would cause

injury, the improvement of the street in such a way as to increase the travel on it and thereby increase the danger of injury from flying stones was not a damage to defendant's land that could be made the basis of recovery by it. We should be disposed to hold to that view had the street not been widened and the improvement had been made in the original street alone, but in this case the Highway Commission could not do that. To make it a part of Highway 66, it had to widen it from sixty feet to eighty feet. This was done so it could lay the concrete slab and build the proper shoulders at the side and comply in all respects with the law. Had the street not been widened as was the case: in Placke v. R. R., and Copper & Iron Mfg. Co. v. Manufacturers Ry. Co., cited above, then appellant's position would be right. But suppose in the cases cited, the street had been so narrow that the street car line or the railroad could not have occupied the street without destroying its ordinary use as a street and the city had widened the street in order to secure room so it could permit the use of the street for street car or railroad purposes, would not the adjacent landowner, a part of whose property was condemned in order to widen the street for the purpose of establishing a car line or railroad track in the street be entitled to have the presence of the car line or railroad considered in computing the damage to the remaining part of his land if those things did, in fact, lessen the value of his land? We think he would. So in this case when the Highway Commission took over Kearney street and completely changed it by widening it and then transformed this sixty foot dirt road in connection with the additional twenty feet condemned into a paved highway, the change being so complete that the original unimproved dirt road in Kearney street was obliterated and a new highway, which measured up to the standard fixed by the law put in its place and if that change, in fact, lessened the value of defendant's quarry so that it was of less value after the road was completed than it was when the original unimproved Kearney street was there, the defendant should be permitted to show that fact and have the decrease in value considered by the jury in determining the amount of defendant's damages.

The measure of damages would not be the same as it would be had there been no street there and the commission had condemned the entire eighty feet but would be limited to the increase loss of value caused by the change as above indicated.

We think the trial court was right in sustaining the motion for new trial and what we have said should be a sufficient guide for giving correct instructions to the jury in another trial.

The judgment will be affirmed. *Bailey* and *Smith, JJ.*, concur.