ED H. SCHRODER, APPELLEE, v. CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

52 N. W. 2d 808.

Filed April 11, 1952. No. 33129.

*Flansburg & Flansburg, John E. Jacobson,* and *C. Russell Mattson,* for appellants.

*F. C. Radke,* for appellee.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is a suit for a declaratory judgment to determine the validity of a resolution of the council of the city of Lincoln.

The general demurrer of the National Bank of Commerce, and the separate general demurrer of the city of Lincoln, the mayor thereof, and members of the council to the amended petition of appellee were denied. They elected not to plead further and judgment was rendered as follows: That the action of the council of the city of Lincoln in adopting the resolution in question was ultra vires; that the resolution was void; and that the National Bank of Commerce obtained no rights, permission, or authority because of its adoption. The motion for a new trial of the city, its mayor, and members of the council and the separate motion of the bank were overruled. They appealed separately. There has been no brief filed by the city, the mayor, or council. The contending parties are Ed H. Schroder and the National Bank of Commerce. They will be designated as appellee and appellant respectively.

Appellee alleges that: He is a citizen of the United

States and of Nebraska; he is a resident of, owns property subject to taxation in, and is a taxpayer of Lincoln; he is an elector; and he owns and operates motor vehicles therein. As a citizen, elector, and taxpayer he is interested in keeping the streets and sidewalks free from public nuisances. He brings this action pursuant to the Uniform Declaratory Judgments Act in his own behalf and on behalf of all other persons similarly situated.

Lincoln is a city of the primary class, has a population of about 100,000 inhabitants, has a home rule charter, and the government thereof is vested in a council of seven members, one of whom is elected as mayor of the city. The National Bank of Commerce is a national banking corporation engaged in conducting a commercial banking business in a building owned by it at the northwest corner of the intersection of O Street with Thirteenth Street in the city of Lincoln. The building faces on O Street. Thirteenth Street was dedicated to the use of the public for travel and transportation at the time Lincoln was platted and incorporated.

Appellant requested permission of the city to erect, on the sidewalk north of O Street on the west side of Thirteenth Street near its west curb opposite the east side of the bank building, a curb teller machine for use of patrons in making deposits of money with the bank without entering its building, and also for a reserved area of three motor vehicle parking stalls adjacent to the curb on the west side of Thirteenth Street to enable persons riding in vehicles to approach, have access to, and the use of the machine without alighting from their conveyances.

The city council of Lincoln adopted, and appellant accepted and agreed to be bound by, a resolution permitting it to install and maintain, until otherwise ordered by the council, a curb teller machine described as about 1 foot 10 inches deep, 2 feet 1 inch in width, and 5 feet 8 inches in height in the sidewalk space above

indicated. The city did not grant the request of appellant for the use of reserved parking area in the street designated as three parking stalls near the location of the machine.

The city of Lincoln or its council had no power or authority to authorize anyone, natural or artificial, to use any part of any street or sidewalk for private business purposes or to erect, have, or maintain thereon or therein a curb teller machine or any other structure. The action of the council was ultra vires. The resolution conflicted with described ordinances of the city and is void, and the bank obtained no right or authority by it. The existence of the installation attempted to be permitted would be an illegal encroachment on and an obstruction of the public streets, and would constitute a public nuisance, purpresture, and an illegal invasion of the rights of the appellee and the public. It is the duty of the city to keep its streets and sidewalks free of all unlawful encroachments and obstructions. The rights, duties, and other legal relationships of the parties as affected by the resolution are involved herein, and the validity of the resolution is the subject of controversy between the parties to the case. The court was asked to adjudge the resolution invalid.

The objective of this litigation is an adjudication preventing the creation and continuance in Lincoln of an alleged public nuisance by the authority of and with the approval of the council of the city. The legal qualification and capacity of appellee to contest the action of the city officials in reference to this must be found, if at all, in the fact that he enjoys the status of a resident citizen, elector, taxpayer, and owner of property subject to taxation in Lincoln, including motor vehicles that he operates therein. The location of the property of appellee in the city is not given. Neither is it claimed that it, nor the use and enjoyment thereof, would be in any way interfered with, obstructed, injured, or damaged by the installation and operation of the machine by

the bank in accordance with the resolution adopted by the city. He relies for his legal capacity to litigate the legality of an official act of the city on the fact that he is a citizen, elector, and taxpayer and his interest in having the public ways of the city free from public nuisances. He does not allege any special interest, right in, or injury because of the subject of this cause different from that of any other member of the public. The allegation of his pleading that he brings this action on his own behalf and on behalf of all others similarly situated disputes and forecloses any claim of special injury of appellee peculiar to himself aside from and independent of the general injury to the public. Appellee cannot successfully oppose the resolution of the city council on the basis that the exercise of the permission given by it to the appellant will create and continue a public nuisance unless he pleads and demonstrates that the installation and maintenance of the machine in question will cause him some special injury different not only in degree but distinct, independent, and different as to kind than that suffered by the public.

The obstruction or encumbrance of a street in a city of this state by a structure or otherwise is a public nuisance unless it is authorized in a proper case by competent authority. Section 28-1016, R. R. S. 1943, contains this language: "* * * the obstructing or encumbering of (by) fences, buildings, structures or otherwise, any of the public highways or streets or alleys of any city or village, shall be deemed nuisances." In Bischof v. Merchants Nat. Bank, 75 Neb. 838, 106 N. W. 996, 5 L. R. A. N. S. 486, it is said: "Public highways belong, from side to side and from end to end, to the public, and any permanent structure or purpresture which materially encroaches on the public street and impedes travel is a nuisance per se; but in a proper case such obstructions may be authorized by competent authority." This language is used in the opinion: "That the stone and pillars of the new portico to the

bank building, as now remodeled, extend into the public street, is conceded; that such an obstruction constitutes a public nuisance is not only the doctrine of the common law, but falls within the statutory definition." See, also, City of Omaha v. Flood, 57 Neb. 124, 77 N. W. 379; World Realty Co. v. City of Omaha, 113 Neb. 396, 203 N. W. 574, 40 A. L. R. 1313.

One of the first reported decisions of this court concerned an attempt by a private individual to maintain an action to abate and prevent the continuance of a public nuisance. The doctrine was therein adopted, and has frequently since been approved and given full effect, that in cases of public nuisances a private individual has no right of action unless he suffers because thereof some peculiar or special injury not common to the general public. This rule is obviously applicable to proceedings for relief by a private person because of the obstruction of a street or highway. To qualify an individual in his private capacity to maintain an action of this character he must allege and establish some special or peculiar damage to himself because of the obstruction not common to the general public. In Kittle v. Fremont, 1 Neb. 329, this court said: "A common or public nuisance, if committed without lawful authority, can be remedied by a public prosecution instituted by the proper officer, on behalf of the people. * * * An individual who is specially injured by a common or public nuisance may maintain a suit to have the same abated. * * * But a private person cannot maintain an action to abate a public nuisance unless he can aver and prove some special injury to himself." It is stated in the opinion: "The plaintiffs sue on behalf of themselves and all others, the property holders of the town of Fremont. They do not pretend to have any interest in the subject matter of the suit, which is not common to all the other residents of the town, whether they be freeholders or not. * * * The pretended wrong of which the plaintiffs complain is the closing up of cer-

tain of the public streets and alleys, and the vacation of a portion of the public park. This is in the nature of a common or public nuisance, and if done without lawful authority, can be remedied by a public prosecution, instituted by the proper public officer, on behalf of the people. So, too, could a suit be maintained by any individual of the town in his own right who is specially injured thereby. * * * The plaintiffs are simply resident freeholders of the town of Fremont. They have no real estate bordering upon the park, or upon either of the streets affected by this change. They have sustained no special damage by reason thereof * * *. They present themselves before the court in the character of volunteer champions of the public interests * * *. Under these circumstances we are most clearly of the opinion that the plaintiffs show no such interest in the subject of this suit * * * as to enable them to maintain this action." In Hill v. Pierson, 45 Neb. 503, 63 N. W. 835, it is said: "It has been stated by this court that a public nuisance will be enjoined in a suit instituted by a private party for such purpose, but only when the plaintiff does or will sustain a special damage, a personal injury distinct from that which he suffers in common with the rest of the public * * *." In Powers v. Flansburg, 90 Neb. 467, 133 N. W. 844, the court said: "A private individual cannot maintain an action to suppress a public nuisance, unless he sustains some special injury caused thereby other than that sustained by the public at large." This appears in the opinion: "The petition does not allege any special interest of these plaintiffs in these proceedings, as distinguished from the interests of the general public. On the other hand, it is specifically alleged that this action was brought by these plaintiffs in their own behalf and in behalf of all the citizens of Trenton who, it is alleged, were similarly situated. Under these circumstances, it is clear that this action cannot be maintained." In Ayers v. Citizens Railway Co., 83 Neb. 26, 118 N. W. 1066, it

was said concerning the plaintiff: "It is a general rule that a public nuisance does not furnish grounds for an action in equity by an individual who merely suffers an injury which is common to the public. * * * The lines of street railway and poles and wires may inconvenience the plaintiff to a greater degree than the public generally; but the mere fact that plaintiff uses that street more frequently than others of the public and may suffer more from the alleged nuisance than others does not present a distinct injury. Her injury is the same in character as that which the public will suffer. The only difference is one of degree, and not of kind." See, also, Lee v. City of McCook, 82 Neb. 26, 116 N. W. 955; Gleason v. Loose-Wiles Cracker & Candy Co., 88 Neb. 83, 129 N. W. 173; Brown v. Easterday, 110 Neb. 729, 194 N. W. 798; Chizek v. City of Omaha, 126 Neb. 333, 253 N. W. 441; Kirby v. Omaha Bridge Commission, 127 Neb. 382, 255 N. W. 776; 66 C. J. S., Nuisances, § 78, p. 831; 39 Am. Jur., Nuisances, § 124, p. 378; 40 C. J. S., Highways, § 222, p. 219; 25 Am. Jur., Highways, § 315, p. 607.

The allegations of interest of appellee in this controversy are citizenship, being an elector, the owner of property, a taxpayer, and an operator of motor vehicles in the city of Lincoln. He does not show by his pleading wherein any of these interests are or could be injured by the construction authorized by the resolution. He has not shown that he has or can sustain a special damage or a personal injury distinct from that which he may suffer in common with the rest of the public.

Appellee lists many cases in support of his proposition of law that the rule that plaintiff, to be entitled to sue, must have sustained some injury to his personal or property rights does not prevent the bringing of an action which involves only the establishment of public rights. He, with entire disregard of the prohibition that no authority shall be cited under any proposition that is

not quoted from or otherwise discussed (Rule 8a 2(5), Rules of Supreme Court), notices only one in his argument. It is Zoercher v. Agler, 202 Ind. 214, 172 N. E. 2d 186, 70 A. L. R. 1232. It does not support to any extent his proposition. It is very definitely to the contrary. There were public rights in the case but the court said: "* * * at the same time, it is apparent that, as taxpayers of South Bend, their (the plaintiffs) personal and property rights are also involved and will be injured if a tax is illegally levied." There was an actual controversy relative to a property right of plaintiffs as taxpayers. The pertinent language in that case, when all of it is considered, amounts to a declaration that the fact that plaintiff must show injury to his personal or property rights to qualify him to litigate in reference to public rights, does not prevent him from maintaining an action because it involves public rights and also matters affecting adversely his individual property rights.

An action for a declaratory judgment must involve a justiciable controversy between persons whose interests are adverse. The plaintiff must have a protectible interest in the controversy and the issue involved must be appropriate for judicial determination. The statute provides: "Any person interested * * * whose rights * * * are affected by * * * municipal ordinance * * * may * * * obtain a declaration of rights." § 25-21,150, R. R. S. 1943. It grants the moving party an opportunity to have his own rights determined but not some other person's rights when his own are not invaded or disturbed. This court pointed out in Lynn v. Kearney County, 121 Neb. 122, 236 N. W. 192, that unless the act authorized a declaratory judgment in those cases only where litigable issues between proper parties were presented it would be unconstitutional as conferring nonjudicial functions on the court. It therein said: "Declaratory judgments act examined, and held to be applicable to actions wherein there is an actual controversy, and where only justiciable issues are presented

by proper parties. So construed, the act does not confer on the courts nonjudicial powers." State ex rel. Smrha v. General American Life Ins. Co., 132 Neb. 520, 272 N. W. 555, defines justiciable controversy in this language: "When a concrete, contested issue is presented * * * where there is a definite assertion of legal rights and a positive denial thereof, the required condition of being a justiciable issue is met." "Legal rights" referred to by the court must be the personal private rights of the party. Appellee has not pleaded that such rights of his are involved in this case. In the recent case of Miller v. Stolinski, 149 Neb. 679, 32 N. W. 2d 199, it was determined that the defendants had no interest in or duties to perform with regard to the act of the Legislature in question and that therefore there was no controversy presented by the case. In dismissing the action the court quoted Borchard, Declaratory Judgments (2d ed.), p. 76, as follows: "Actions for declaratory judgments brought by individuals to test or challenge the propriety of public action often fail on this ground, either because the plaintiff is deemed not to have an adequate personal interest in the issue, or because the public officer or other person selected as a defendant has no special interest to oppose the complaint or no special duties in relation to the matter which would be affected by any eventual judgment. The absence of adversary or the correct adversary parties is in principle fatal." The doctrine of that case is applicable to and controlling in this case. Appellee has no private property interest to protect, is not a proper party plaintiff in this case, and has no adequate personal interest in the issue involved which legally authorizes him to demand that the issue be adjudicated. Since he is not a proper party to the action he can present no justiciable controversy and is not entitled to seek a declaratory judgment. See, also, Banning v. Marsh, 124 Neb. 207, 245 N. W. 775; State ex rel. State Railway Commission v. Ramsey, 151 Neb. 333, 37 N. W.

2d 502; Nebraska Mid-State Reclamation Dist. v. Hall County, 152 Neb. 410, 41 N. W. 2d 397; State of North Dakota ex rel. Strutz v. Perkins County, 69 S. D. 270, 9 N. W. 2d 500; Seiz v. Citizens Pure Ice Co., 207 Minn. 277, 290 N. W. 802; State ex rel. La Follette v. Dammann, 220 Wis. 17, 264 N. W. 627, 103 A. L. R. 1089; Dietz v. Zimmer, 231 Ky. 546, 21 S. W. 2d 999.

The gist of the question in a declaratory judgment suit to test action taken by a municipal corporation is whether or not the plaintiff has as an individual, a special, protectible right which is in controversy and which will be lost or prejudiced unless the court intervenes to preserve it. Whether the form of relief is by injunction, by mandamus, or for a declaratory judgment does not alter the question of whether a private protectible interest is in controversy. The difference between the remedy of injunction, mandamus, or declaratory judgment is the extent of the relief asked or permitted to be granted. The plaintiff does not enlarge the scope of a declaratory judgment action by refraining to ask for an injunction. The inquiry is the same regardless of the extent of the relief sought. The questions are, does he have a private individual right involved in controversy, is there a justiciable issue involving the right presented to the court, and is or will that right be threatened or violated? The rights of appellee in this case are held in common with the general public. His interests as a property owner and taxpayer are not jeopardized or affected as in a taxpayer's suit where wrongful expenditures or the illegal levy of taxes is attempted. The installation of the curb teller machine as authorized by the resolution will affect no special private interest of appellee. His interest as a user of the streets is no different than that of every other citizen, inhabitant, and visitor in the city of Lincoln. He has no special, peculiar, private, protectible interest threatened to be violated nor which can be found or declared by a court to exist such as is required for jus-

tification of a declaratory judgment action. It is significant that the trial court did not attempt to make a declaration of any right or rights of plaintiff. The absence of the existence thereof is the logical explanation of the silence of the court in this respect.

The disposition of this case required by the considerations stated and discussed does not mean that there is no remedy, if the machine is installed and maintained on the sidewalk and the installation of it is illegal. The charter of the city and the criminal code of the state provide methods of relief. Home Rule Charter of Lincoln, Art. II, § 2, subpar. 6, p. 3; §§ 39-118, 41-301, and 41-304, Lincoln Municipal Code 1936; § 28-1016, R. R. S. 1943. The observation made in Powers v. Flansburg, *supra*, is appropriate: "There is nothing * * * to indicate that the criminal laws of the state are in any respect insufficient to punish the defendant and put a stop to the crimes which it is alleged he has committed, if indeed the defendant is guilty as alleged. * * * If the proper officers refuse or neglect to enforce the law, a remedy is provided other than by injunction. If a public nuisance is maintained that affects alike all the members of the community, the public authorities may deal with it, but these plaintiffs have not shown such an interest as will enable them to maintain this action."

The judgment of the district court should be and it is reversed and the cause is dismissed.

REVERSED AND DISMISSED.