ELMER MICHELSEN, JR., ET AL., APPELLEES, v. D. O. DWYER
ET AL., APPELLANTS.
63 N. W. 2d 513

Filed March 26, 1954. No. 33463.

*D. O. Dwyer* and *W. L. Dwyer,* for appellants.

*Begley & Peck,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Elmer Michelsen, Jr., Irene Michelsen, Elmer Michelsen, Sr., Troy R. Jewell, and Stella H. Jewell brought this action in the district court for Cass County against D. O. Dwyer, W. L. Dwyer, Dumke-Stohlman Company, and the city of Weeping Water, a municipal corporation. The purpose of the action is to have declared null and void the authority granted the defendants D. O. Dwyer and W. L. Dwyer by the city of Weeping Water to build a garage in the parking area in front of the Dwyers' property in Weeping Water, to enjoin Dumke-Stohlman Company and the Dwyers from constructing and erecting a garage on any part of the street in front of the Dwyers' property, to enjoin the Dwyers from using any part of the street for that purpose, and for an order requiring the Dwyers to remove from such area any building, or parts thereof, already constructed thereon. The trial court entered a decree perpetually enjoining all the de-

fendants from further construction on, and completion of, the garage building. Their motion for new trial having been overruled, the Dwyers and the city of Weeping Water have appealed. The Dumke-Stohlman Company took no appeal from the decree of the district court so will not be again referred to herein.

The area herein involved is in a residential section of Weeping Water located where H and East Streets join and terminate. H Street runs east and west and East Street runs north and south. The Dwyers own Lot 8 in Block 62, city of Weeping Water, which lot fronts south on H Street. The Elmer Michelsens, Jr., own Lot 1 in Block 63, city of Weeping Water, which fronts north on H Street and also to the east on East Street. Elmer Michelsen, Sr., owns Lot 2 in Block 63, city of Weeping Water, which fronts north on H Street and joins Lot 1, which lies to the east. Troy R. Jewell and Stella H. Jewell own Lot 9 in Block 2, Fleming and Race's Addition to the city of Weeping Water, which faces west on East Street and lies just east across East Street from the property of the Elmer Michelsens, Jr. The Dwyers and Michelsens live in the houses located on their several properties.

H Street is 66 feet wide with a 33-foot paved traveling surface, thus leaving a 16½-foot parking area on each side of the street between the curb and the lot lines. East Street is also 66 feet wide with a paved surface 33 feet wide, thus leaving a parking area of about 16½ feet on each side between the curb and adjoining lot lines. These parking areas were generally sown to grass with flowers, shrubs, and trees planted therein. As already indicated both H and East Streets terminate at the corner where they join.

The Dwyers' lot, at the point where the house is located thereon, is some 18 to 20 feet above the surfaced area of H Street and the north or back end of the lot is about 35 feet higher than the surface of the street. Because of this elevation it would be inconvenient to

drive a car into any garage built thereon and difficult, if not impossible, to do so in winter when, at times, there is ice or snow on the driveway. Consequently the Dwyers had always left their car parked on the street in front of their property. Because of this condition the Dwyers, on August 8, 1952, applied to the city for "* * * permission from the City to construct a garage of concrete blocks, with composition or cement roof, approximately 23 x 12 feet, on the parking in the corner where the steps from the sidewalk to the street are located."

On August 15, 1952, the city council granted the Dwyers permission to build a garage in front of their property in accordance with their request. The Dwyers caused the area in the parking, west from the steps leading from the curb to their sidewalk, to be excavated and, in March 1953, began construction of the garage. When the Dwyers began the construction thereof this action was brought, although the Jewells had previously objected to their putting a garage in the parking.

Section 28-1016, R. R. S. 1943, provides: "Whoever shall erect, keep up or continue and maintain any nuisance to the injury of any part of the citizens of this state shall be fined in any sum not exceeding five hundred dollars; and the court shall, moreover, in case of conviction of such offense, order every such nuisance to be abated or removed. * * * and the obstructing or encumbering of (by) fences, buildings, structures or otherwise, any of the public highways or streets or alleys of any city or village, shall be deemed nuisances."

However, the Legislature further provided:

"The city council or board of trustees shall have the care, supervision, and control of all public highways, bridges, streets, alleys, public squares and commons within the city or village, and shall cause the same to be kept open and in repair, and free from nuisances." § 17-567, R. S. 1943.

"Second-class cities and villages shall have the power to * * * require and regulate the planting and protec-

tion of shade trees in the streets, the building of bulkheads, cellar and basement ways, stairways, railways, window and doorways, awnings, hitching posts and rails, lamp posts, awning posts, and all other structures projecting upon or over and adjoining, and all other excavations through and under the sidewalks in the said city or village." § 17-555, R. S. 1943.

In City of Pierce v. Schramm, 116 Neb. 263, 216 N. W. 809, referring to the foregoing and other statutes, we held: " 'The right of a private party to occupy part of a public street in front of his place of business must yield to public necessity or convenience, and ordinarily the question of public necessity or convenience is for the governing body of the municipality, * * *.' Kenny v. Village of Dorchester, 101 Neb. 425."

Section 8, chapter 10, municipal code of the city of Weeping Water, provides: "It shall be unlawful for any person or persons within the corporate limits of the City of Weeping Water, Nebraska, to erect, maintain or suffer to remain on any street or public sidewalk or any portion of the area between the lot line and the curb line of any street, any stand, wagon, merchandise, machinery or any other obstruction injurious to, inconvenient or inconsistent with the public use of the same: * * *."

In Bischof v. Merchants Nat. Bank, 75 Neb. 838, 106 N. W. 996, 5 L. R. A. N. S. 486, we approved the following from Elliott on Roads and Streets (2d ed.), § 645: "* * * it is well settled that 'the public are entitled, not only to a free passage along the highway, but to a free passage along any portion of it not in the actual use of some other traveler.' "

And in Schroder v. City of Lincoln, 155 Neb. 599, 52 N. W. 2d 808, we said: "The streets of a municipality in this state belong to the public and an unauthorized obstruction or encumbrance of them by a structure or otherwise constitutes a public nuisance."

In view of the foregoing the city of Weeping Water,

or its council, could not authorize any one to use part of any of its streets for private garage purposes as such would be injurious to and inconsistent with the public use thereof. See, Schroder v. City of Lincoln, *supra;* World Realty Co. v. City of Omaha, 113 Neb. 396, 203 N. W. 574, 40 A. L. R. 1313; Bischof v. Merchants Nat. Bank, *supra*; 25 Am. Jur., Highways, § 276, p. 569.

An obstruction or encumbrance of a street in a city of this state by a structure or otherwise is a public nuisance unless it is authorized in a proper case by competent authority. See, Schroder v. City of Lincoln, *supra;* Bischof v. Merchants Nat. Bank, *supra;* Nebraska Telephone Co. v. Western Independent Long Distance Telephone Co., 68 Neb. 772, 95 N. W. 18.

The question then arises, can the appellants maintain an action to abate such a nuisance?

We have often said that a private person seeking the aid of equity to restrain a public nuisance must show some special injury peculiar to himself, aside from and independent of the general injury to the public. In the absence of such special and peculiar injury he will be denied an injunction, leaving the public to be redressed by suitable proceedings brought in behalf of the public. However, if he shows damage which is special and peculiar to himself, and independent of any damage sustained by the public at large, a court of equity will grant him relief by injunction. Bischof v. Merchants Nat. Bank, *supra;* World Realty Co. v. City of Omaha, *supra;* Schroder v. City of Lincoln, *supra;* Reed v. City of Seattle, 124 Wash. 185, 213 P. 923.

In this regard we approve the following quote from Smith v. Centralia, 55 Wash. 573, 104 P. 797, in Reed v. City of Seattle, *supra:* " 'The rights which an owner of abutting property possesses in a street are different in kind from that possessed by one whose interest is only that of a right of way along the street. * * *.' "

The Elmer Michelsens, Jr., who own the property immediately across H Street from the Dwyers' prop-

erty, have a modern two-story six-room frame residence thereon with a full basement. Across the north, or in front of their house, they have a screened-in porch which the family frequently uses. They valued their property at about $6,500. Elmer Michelsen, Sr., whose property abutts on H Street and joins the property of the Elmer Michelsens, Jr., on the west, has a modern two-story eight-room frame residence thereon which faces north. He valued his property at about $8,000. The Jewells, whose property lies southeast of the Dwyers' and faces on East Street, have converted a modern eight-room frame residence thereon into three apartments. They have also constructed a modern three-room cottage in the rear thereof. They valued their property at from $7,000 to $7,500.

Appellees either testified, or offered other evidence, to the effect that the garage would change and obstruct their view; that it would be unsightly and injuriously affect the appearance of the neighborhod, which is residential, particularly if used for purposes other than that of a private garage; that it would be hazardous for children since it would be a temptation for them to use it in their play; and that it would depreciate values. In fact, the several appellees testified it would depreciate each of their respective properties about $500. We think the appellees have established they will be damaged thereby in a manner special and peculiar to themselves and independent of any damages that the public at large will sustain by reason thereof.

But in any event we think that ordinarily the owners of property abutting upon a street wherein an obstruction has been or is being placed in the immediate vicinity of their property have a sufficient special interest therein to entitle them to maintain a proceeding to remove it therefrom. See Reed v. City of Seattle, *supra.*

Appellants contend appellees have an adequate remedy at law, particularly in view of the fact that they testified as to the extent their several properties would be

damaged if the garage was built in the parking area.

We said in Welton v. Dickson, 38 Neb. 767, 57 N. W. 559, 41 Am. S. R. 771, 22 L. R. A. 496: "The absence of a plain and adequate remedy at law affords the only test of equity jurisdiction; and the application of this principle to a particular case must depend altogether upon the character of the case as disclosed in the proceedings. It is not enough that there is a remedy at law; it must be plain and adequate, or, in other words, as practical and efficient to the ends of justice and its prompt administration as the remedy in equity."

And in World Realty Co. v. City of Omaha, *supra*, we said: " 'Irreparable injury, as used in the law of injunction, does not necessarily mean that the injury is beyond the possibility of compensation in damages, nor that it must be very great; * * *.' (Field v. Barling, 149 Ill. 556, 37 N. E. 850, 24 L. R. A. 406)."

We think what was held in Bischof v. Merchants Nat. Bank, *supra*, is applicable here. Therein we held: "We hold therefore that the nuisance is not to be regarded as a permanent nuisance, but one which is abatable, and that the court should interfere for the protection of the plaintiff's rights by injunction to prevent vexatious litigation and a multiplicity of suits."

We come then to the question of whether or not the fact that the garage has been completed pending this appeal will defeat appellees' right to have it removed. This has been fully answered by our opinion in Bischof v. Merchants Nat. Bank, *supra*. There the parties completed the obstruction in the meantime but this court caused it to be abated. Therein, under a comparable situation, this court properly directed the district court "* * * to enter a decree enjoining the defendant bank to abate said nuisance, and perpetually enjoining and restraining the defendants from a continuation, repetition or renewal thereof."

It is also contended that the district court should have sustained the city's motion to dismiss the action as to the

city. This is primarily based on the fact that it was neither alleged nor was any evidence adduced to show that the city was doing, or threatening to do, anything further in the matter after its action of August 15, 1952. As to this action of the city the following would be applicable insofar as injunctive relief is concerned: "The remedy by injunction is wholly preventative, prohibitory, or protective, and it will not issue to afford a remedy for what is past but only to prevent future mischief. Rights, if any, already lost, and wrongs, if such, already perpetrated, cannot be restrained or remedied by injunction." Leeman v. Vocelka, 149 Neb. 702, 32 N. W. 2d 274.

The city should not have been perpetually enjoined from further construction on and completion of the erection of the garage building upon the area of the public street in front of the Dwyer property because there is nothing to show that the city was engaged therein or that it intended to do so. However, the action should not be dismissed as to the city. As already stated, the appellees asked that the action taken by the city on August 15, 1952, be held for naught. In view of what we have already said herein this relief should have been granted as a basis for injunctive relief against the other appellants.

We hold that the order of the district court granting appellees injunctive relief against the Dwyers enjoining them to abate the nuisance should be affirmed; and that as to the city of Weeping Water the decree should be modified and the only relief that should be granted against the city is that the action of its city council of August 15, 1952, be set aside as void. All costs in this court and the district court are taxed to appellants Dwyer.

MODIFIED AND AFFIRMED.