FRANK J. KENNEY, APPELLEE, v. VILLAGE OF DORCHESTER
ET AL., APPELLANTS.

FILED JULY 3, 1917.  No. 19509.

Municipal Corporations: USE OF STREETS. The right of a private party
    to occupy part of a public street in front of his place of business
    must yield to public necessity or convenience, and ordinarily the
    question of public necessity or convenience is for the governing
    body of the municipality, but such body cannot act arbitrarily
    and deny to one citizen privileges which it grants to another un-
    der like conditions.

APPEAL from the district court for Saline county:
LESLIE G. HURD, JUDGE. *Affirmed.*

*George H. Hastings, Roland F. Ireland* and *Robert R.*
*Hastings,* for appellants.

*T. J. Doyle, contra.*

MORRISSEY, C. J.

Plaintiff, the owner of two business lots located on the
main street of the village of Dorchester, installed modern
gasoline apparatus, consisting of a tank, buried beneath
the surface of the ground, and a pump connected there-
with, in the space between the sidewalk and the graded
part of the street, in front of his place of business. Grow-
ing in the park space is a row of thrifty trees, and the
pump was set in line with and between these trees. A
section of hose extends from the pump, by which gasoline
is delivered to automobile drivers who drive up to the curb,
or, perhaps it were better to say, to the place where a curb
ought to be. On the same street, but a block and a half
distant from plaintiff's place of business, a competitor,
with the sanction of the village board, installed and main-
tains similar apparatus in a like position. The village
board adopted a resolution directing plaintiff to remove
his tank and pump, whereupon he sued out a writ of in-
junction, which, after hearing, was made perpetual by the

district court, from which order the village prosecutes this appeal.

Five assignments of error are set out. One of which is: "That the decree of the court is contrary to law and the evidence." Appellants' brief says: "The errors relied upon are so closely and intimately connected and interwoven that we deem it best to consider them as a whole rather than to discuss each separately." We will do like - wise, as the assignment quoted covers the whole matter. Copious excerpts from the statutes are set out in the brief to show that the village authorities have control and jurisdiction of the streets of the village, with the right to remove obstructions from the sidewalks, curbstones, gutters, and cross-walks, to require and regulate the placing and protection of trees, and in fact to maintain general supervision of the streets. Of course, there is no room for question as to these general provisions, but in the instant case the record discloses that Dorchester is a village of about 600 population; that the main street, where the pump and tank are situated, is 100 feet wide. There is no congestion of the street, or any necessity shown for the removal of the tank and pump. The sidewalk extends eight feet from the lot line, and the distance from the outer edge of the sidewalk to the graded part of the street, or the point where a gutter may be built, is four feet. The row of trees heretofore mentioned is growing in the intervening space. The pump complained of is between the trees, and the village is not using, has not used, and, so far as the record shows, has no intention of using this space. It is not disputed that the equipment is of the very latest and best pattern, and such as is in use in other cities in the state; that it serves the convenience of a great number of persons living within the village; and that it is not dangerous or unsightly. In *Chapman v. City of Lincoln*, 84 Neb. 534, it is held: "It is no defense to a party who is being proceeded against by a city for unlawfully obstructing a sidewalk that others are obstructing the walks in like manner." There the plaintiffs were occupy-

ing a sidewalk space in direct violation of an ordinance of the city forbidding such occupancy by any person. In the instant case there is no such ordinance, but, on the contrary, it appears that, with the sanction of the village board, plaintiff's competitor is making like use of street space. The village board having granted plaintiff's competitor permission to install and maintain similar apparatus under like conditions, it ought not to arbitrarily deny the same privilege to plaintiff.

"Although the granting or refusing of a license is in a large measure discretionary, the acting authorities are not vested with personal or arbitrary power, but are subject to the control of the courts, when it appears that they have acted arbitrarily in the premises, and have thus abused the public trust reposed in them." 3 McQuillin, Municipal Corporations, sec. 1005.

The judgment is affirmed, but it will not be so construed as to deny the village board control of the whole situation by the enactment of a suitable ordinance which will apply to all persons similarly situated.

AFFIRMED.