STATE, EX REL. AMANDA C. ANDRUSS, APPELLEE, V. MAYOR AND COUNCIL OF CITY OF NORTH PLATTE, APPELLANTS.

FILED NOVEMBER 14, 1930. No. 27367.

*William E. Shuman* and *J. T. Keefe,* for appellants.

*E. H. Evans, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ.

DAY, J.

This is a mandamus action to compel the city of North Platte to issue to the relator a permit to operate a gasoline filling station upon her property located within said city. The city council refused to issue the permit. The trial court granted a peremptory writ of mandamus directing the city to issue the permit. The city appeals.

The city of North Platte has regulated filling stations and oil pumps by ordinance. It was pursuant to the provisions of the said ordinance that the relator herein made application for a permit. The city council held a hearing at which numerous protestants were present in the person

of residents and property owners of the neighborhood in which the relator sought to install the filling station. The city council, exercising what they contend was a proper discretion, denied the application of the relator and refused to issue the permit. Since this ordinance is an important and vital part of the case, a reproduction of it here is necessary to understand the questions involved:

"Article XI. Filling Stations and Pumps.

"Sec. 254. License. It shall be unlawful for any person, firm or corporation to hereafter engage in the business of operating a filling station for automobiles, or to make a business of selling power or fuel to replenish or operate same, within the city of North Platte, without first having obtained a license therefor.

"Sec. 255. Requirements of Application. Before such license is granted, any applicant shall apply to the mayor and council, describing the location and what, if any, use is contemplated of the adjacent street or sidewalk.

"Sec. 256. Amount of License. Control of Street Retained. When granted, the annual license fee therefor shall be the sum of ten dollars ($10) for each pump that supplies gasoline, fuel or power along the curb, and twenty-five dollars ($25) for each station, regardless of the number of pumps, where motor vehicles, receiving service thereat, customarily drive across the sidewalk or sidewalk line to receive such service, payable in advance, and the city reserves the right of control over any street or sidewalk used in connection therewith, and may make such rules and requirements, with reference to any particular license, in the use of the streets and sidewalks and in the operation of the business, as shall, in the judgment of the mayor and council, be necessary to facilitate traffic, and protect the public and adjacent property owners.

"Sec. 257. Granting of License, When Discretionary. The city further reserves the right to deny any application in a section of the city used exclusively for residential purposes and farther away than one city block from the fire limit district of the city and off the main arteries of travel

to and from the city, where in the judgment of the mayor and council any nuisance caused thereby to the neighborhood, or the potential depreciation of adjacent real estate or inconvenience to the enjoyment thereof, shall outweigh private benefits and gain to the licensee, his landlord· or grantee, and the convenience and necessity of the public."

It will be noted that this ordinance provides for the operation of gasoline filling stations by those licensed by the city council. It provides that the control of the streets be retained, and regulates the use to be made thereof in the licensing and operation of said filling station. The control herein provided for over the use to be made of the streets and sidewalks contemplates that a reasonable use thereof shall be made by the owner and operator of such filling station. The control of the use of the streets and sidewalks as provided by this provision of the ordinance contemplates such use, and not a prohibition of the same. We are much concerned in our consideration of the controversy here with that section of the ordinance above reproduced relating to the discretionary power of the city in granting a license. The city has reserved the right to deny such application when three conditions are present: First, the location must be in a section of the city used exclusively for residential purposes; second, it must be farther away than one city block from the fire limit district; third, it must be off the main arteries of travel to and from the city. When these three conditions meet in relation to the property for which a license is sought, then the city has retained the right to exercise discrimination in the granting or denial of a permit. The property involved in this case is in a section of the city almost exclusively used for residential purposes, it is farther than one block from the fire limit district of the city, but it lacks the other essential requirement to give the city council discretion in the matter of a permit, in that it is not off a main artery of travel to and from the city. The fact as disclosed by the evidence and not disputed by the respondent is that the property in question is located upon

the Lincoln Highway, a main artery of travel to and from said city. It consequently follows, therefore, that this property is not located within the district within which the city has retained discretionary powers in the granting of licenses. Relying upon that ordinance, the relator herein has complied with its provisions. The granting of the license was then a ministerial act which the city was bound to perform in relation to any one who complied with the condition therein, and the right of the relator to the permit was absolute.

The city has the undoubted power by ordinance to make all such rules, regulations and resolutions not inconsistent with the law of the state as may be expedient in addition to the special powers granted for maintaining the peace, good government and welfare of the city, and its trade, commerce and manufactures. Comp. St. 1922, secs. 3986-4030. The power conferred under this statute is popularly known as the general welfare clause of the statute. Under it the zoning ordinances in various cities have been adopted. In *City of Lincoln v. Foss,* 119 Neb. 666, it was held that the city had a right under the police power conferred under this section to pass an ordinance restricting the use of property, if said ordinance has a substantial relation to the public safety, health, and general welfare. This proposition is also supported in this jurisdiction by *State v. Withnell,* 78 Neb. 33; *State v. Edgecomb,* 108 Neb. 859; and *Pettis v. Alpha Alpha Chapter of Phi Beta Pi,* 115 Neb. 525. In *Standard Oil Co. v. City of Kearney,* 106 Neb. 558, this court said that, in the exercise of the police power delegated to a city, it is generally for the municipal authorities to determine the rules, regulations and ordinances that are required for health, comfort and safety of the people, but their action is subject to the scrutiny of the courts. In that particular case, the ordinance was held void as being an arbitrary, unreasonable, and discriminatory exercise of the police power. The power and the authority of the city to pass such an ordinance is well defined in the foregoing cases. However, the city of North Platte is asserting the validity of the ordinance in question by its enforcement

of the provisions relative to licensing filling stations. The relator also contends that the ordinance is valid. We assume, therefore, for the purposes of this case only, that the ordinance herein set forth is valid, and that the city may exercise control by ordinance which has a reasonable reference to the public health, safety, or general welfare, and is not arbitrary, unreasonable, or discriminatory. In *State v. Edgecomb,* 108 Neb. 859, a peremptory writ of mandamus was granted directing the building inspector of the city of Omaha to issue a building permit in a case where it was held by the court that the restrictions in the ordinance under which the building inspector refused the permit were unreasonable. Having in mind the ordinance, together with the decisions of this court herein cited, we conclude that the applicant for a permit, the relator herein, has complied with all of the regulations as set out in the ordinance, and that the duty of the city to grant the permit sought was absolute; that the city had not retained any discretion in the matter after one had complied with the conditions; and that the issuance of said permit was an administrative act, and that the peremptory writ of mandamus was properly granted in this case, considered solely under the ordinance. 19 R. C. L. 977, sec. 274.

However, the respondents in this case contend that the statutes of the state grant and confer upon the municipality control of the streets, and for that reason the city had the right to reject the application of the relator, regardless of any ordinance. This power is granted under sections 4076 and 4077, Comp. St. 1922. It is the theory of the respondents that, under this authority conferred upon the city, it could refuse a permit to the relator to operate a filling station on her property. In *Kenney v. Village of Dorchester,* 101 Neb. 425, it was held that the right of a private party to occupy part of a public street in front of his place of business must yield to public necessity or convenience, and a question of public necessity or convenience is for the governing body of the municipality, but such body cannot act arbitrarily and deny to one citizen a privilege which is granted to another under like conditions. In this case, the

plaintiff was actually occupying the street with physical property. He installed a pump in the street between the sidewalk and curb line connected with a tank buried under the surface of the ground for the purpose of conveying gasoline into automobiles. The village of Dorchester sought to compel him to remove his pump, while they permitted a competitor a block and a half distant to operate. It appeared that the operation of the curb pump of the plaintiff did not interfere with the public use of the street in any manner different from that of him to whom the permit had been granted. The evidence in this case discloses that in the city of North Platte a permit has been granted to another to operate a filling station on the same street and in the same block as the property for which the relator seeks a permit. There is nothing in the evidence in this case to indicate any reason for the discrimination or to indicate that there is any difference in the use contemplated to be made of the street in connection with those two situations. True, there is a feeble attempt to show that school children pass this corner, but the evidence is not convincing that more children pass this corner than the other. In fact, the evidence rather indicates that the traffic is more congested at the other corner. However, this is a law action which was tried to the court (*State v. Farrington*, 86 Neb. 653), and the findings of the trial court in such case, based upon conflicting testimony, will not be set aside unless it is disclosed by the record that the verdict was clearly wrong. This identical question was before the court again in *City of Pierce v. Schramm*, 116 Neb. 263, where the rule announced in *Kenney v. Village of Dorchester, supra*, was examined, approved and followed. The gist of the decision in that case is that the municipality cannot select one of a number of persons similarly situated and arbitrarily discriminate against him. We are forced to the conclusion that the instant case, if considered from this standpoint, is governed by *Kenney v. Village of Dorchester, supra*, and *City of Pierce v. Schramm, supra*, and that the action of the city council in denying the application of the relator was arbitrary and discriminatory, considered in this light.

This argument applies with equal force to the contention that the city could refuse a permit because it has been given control by section 4011, Comp. St. 1922, over the storage of the products of petroleum. This power is to be exercised by ordinance. Comp. St. 1922, sec. 3986. This permit was not denied under any such ordinance. There would seem to be no good reason to discriminate between the relator herein and others operating under similar circumstances. The action of the trial judge in granting a peremptory writ of mandamus was proper.

Another assignment of error has to do with the procedure followed by the trial court. It is strenuously urged that the trial was held with undue and unusual haste. The record discloses that this case was filed October 23, 1929. This matter had previously been before the city council, and the city attorney and the special attorney for the city were familiar with it, having appeared there. Six days intervened from the filing of the petition and the granting of the peremptory writ. One of the attorneys was engaged in the trial of another case continuously. The attorneys had all of the documents and records in their possession, including the ordinances relative to this matter, which they claim were not properly introduced in evidence. The matter of setting trials is in the discretion of the trial court. A peremptory writ of mandamus might have been granted by the trial court without notice, particularly in a case where a public official has failed to discharge an official duty and action is imperative, as in this case. *Horton v. State*, 60 Neb. 701. A motion for new trial was filed in this case in which evidence was taken which does not disclose that the city attorney could not have secured the evidence there introduced, which was largely cumulative. It is not discernible wherein the respondents were prejudiced by a failure to secure any evidence.

In conclusion, we take note of the contention of the city that the ordinance in question was not introduced in evidence. It was pleaded and set out in full in the petition of the relator. In a pleading filed by the city attorney, designated "Objections to Issuing Writ" which was treated by

the trial court and the parties and the case tried upon that theory, the city justified the denial of the permit by the ·council on the ground that it was a matter which rested in the judgment, discretion and control of the mayor and council of the city. Since the statutes provided that such discretion and control must be exercised by ordinance, and since the pleading does not deny the correctness of the ordinance pleaded, but rather justifies their action thereunder, it amounts to an admission of the same. *Livesey v. Brown,* 35 Neb. 111; *Hanson v. Lehman,* 18 Neb. 564; *Linch v. State,* 30 Neb. 740; *State v. Baushausen,* 49 Neb. 558. Since they do not point out what evidence, if any, they were unable to secure, which would materially affect the issues, we do not find any prejudicial error.

The judgment of the trial court is in all respects

AFFIRMED.

ROSE, J., dissents.