O. H. COULTHARD, APPELLEE, v. BOARD OF ADJUSTMENT OF CITY OF NELIGH ET AL., APPELLANTS.

FILED MARCH 6, 1936. No. 29472.

*Jackson & Rice,* for appellants.

*Ralph M. Kryger* and *Webb Rice, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

The plaintiff commenced this proceeding by filing a petition in the district court under section 19-909, Comp. St. 1929, to reverse a decision of the board of adjustment of

Neligh, Nebraska, in denying him a permit to erect a filling station in a section of the city denominated residence district under the zoning ordinance. Upon a hearing, the district court reversed the decision of the board of adjustment. The city of Neligh appeals from this judgment.

The petition alleges that the action of the city council, sitting as a board of adjustment, in refusing to grant him a permit to erect a gasoline filling station on his property was illegal because: (1) Under the ordinance his property is classified in the residential district adjacent to a business district in which the city council shall authorize such structures as are in accord with the normal and continuous expansion of business into the residential district, and (2) the action of the council was discriminatory for that they issued a permit to another to build a gasoline filling station upon similarly located property.

The validity of the zoning ordinance adopted by the city of Neligh is not questioned. The application for a permit to construct a gasoline filling station was filed thereunder. The zoning ordinance of Neligh in so far as applicable provides: "No business building shall be erected in the residence district for store or other business purposes. * * * However, in those portions of the residential district adjacent to other districts herein provided for, the city council shall authorize such structure and uses as are in accord with the normal and continuous expansion of business structures into the adjacent residence district."

An application under this provision of the ordinance presents a question of fact to the city council for its consideration, and upon its determination the permit is granted or refused. The plaintiff's premises upon which he wishes to erect a gasoline filling station are, under the zoning ordinance, located in the residential district adjacent to the business zone. Whether, under the ordinance, the normal and continuous expansion was such as to require the council to grant a permit was a material fact in the case.

The city of Neligh complains that the trial court erroneously excluded evidence upon this question. The testimony

excluded was that of the mayor. The offer to prove was composed of conclusions and opinions. It was not a question for expert testimony. It was properly excluded for this reason. The appellants offered to prove that other sites were available for gasoline filling stations. This was not relevant to the question of the normal and continuous expansion of business into the residential district. It does not come within the rule that evidence tending to establish the fact in controversy must be received if competent. *Chamberlain v. Chamberlain Banking House,* 4 Neb. (Unof.) 278, 93 N. W. 1021; *Home Fire Ins. Co. v. Kuhlman,* 58 Neb. 488, 78 N. W. 936; *Taylor v. Northern States Power Co.,* 192 Minn. 415, 256 N. W. 674.

The other allegation of plaintiff's petition that the action of the council in the refusal of a permit was discriminatory now engages our attention. The plaintiff cites and relies upon *State v. Mayor,* 120 Neb. 413, 233 N. W. 4. There was no zoning ordinance involved in that case. The city of North Platte had an ordinance prescribing the manner and method of storing petroleum. The applicant there had complied with the ordinance in every particular. It was there held that the plaintiff having brought himself within the rules of the ordinance was entitled to a permit. *Kenney v. Village of Dorchester,* 101 Neb. 425, 163 N. W. 762, and *City of Pierce v. Schramm,* 116 Neb. 263, 216 N. W. 809, were cases where the plaintiff wanted to build curb gasoline pumps, as many others had done. There was no zoning ordinance involved. It was held in those cases that question was for the city council, but that such body could not act arbitrarily and deny to one citizen privileges which it grants to another under like conditions. In the instant case, the city council granted a permit to erect a filling station on a lot across the street. The trial court found that the city council, sitting as a board of adjustment, had discriminated against the plaintiff herein. The evidence does not disclose that the situation was materially different as to the two locations. They were both zoned as residential district adjacent to the business district. The other side

of the street was business district. They were divided by an intersecting street. The state highway, which made both locations desirable for filling stations, passed both properties. A city council, under a zoning ordinance, cannot restrict the use of property in an unreasonable or arbitrary manner. *Pettis v. Alpha Alpha Chapter of Phi Beta Pi,* 115 Neb. 525, 213 N. W. 835; *State v. Edgecomb,* 108 Neb. 859, 189 N. W. 617; *City of Lincoln v. Foss,* 119 Neb. 666, 230 N. W. 592. The refusal of the city council in the instant case to issue the plaintiff a permit to erect a filling station under the application and the facts was unreasonable and arbitrary.

The evidence supports the finding, and the judgment of the trial court is

AFFIRMED.