No. 37,870

The City of Mound City, Linn County, Kansas, *Appellant*, v. Henry Carbon, doing business as Carbon Implement Company; Socony-Vacuum Oil Company, Inc., *Appellees*.

(218 P. 2d 204)

Opinion filed May 6, 1950.

*Leighton A. Fossey*, of Mound City, argued the cause, and was on the briefs for the appellant.

*Douglas G. Hudson*, of Fort Scott, argued the cause, and *Douglas Hudson* and *Howard Hudson*, both of Fort Scott, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Harvey, C. J.: This was a suit for a mandatory injunction to require defendants to move gasoline pumps situated within the street, as platted, in the parking near the curb. Plaintiff appealed from an adverse judgment.

The action was authorized by resolution of the city governing body declaring that the gasoline pumps as so located constitute an encroachment upon the public street and an obstruction thereof and declaring them to be a purpresture and a public nuisance which should be abated, and authorizing the mayor to take appropriate action by injunction or otherwise to abate the nuisance. The principal defense was that there were two other similar gasoline pumps, one on the same street only 200 feet away and the other one about three blocks away, which had been operating more than five years, and that the action of the governing body in passing the resolution applying only to defendants was arbitrary and discriminatory as against defendants and in favor of their competitors, who by the sanction of the governing body of the city are occupying the same or greater use of the streets than the defendants. The pleadings

put those matters in issue. The respective defendants in their answer ask that the plaintiff be enjoined from interfering with defendants' gasoline pumps as long as others continue with the sanction of the city to occupy and use the streets in a similar way. Most of the facts were stipulated in writing, but one party or the other called several witnesses, who gave oral testimony.

The court made the following findings of fact:

"1. The plaintiff is a duly incorporated city of the third class located in Linn County, Kansas. The defendant, Henry Carbon, is doing business in the said city under the firm name of Carbon Implement Company, and the Socony-Vacuum Company is a corporation duly authorized to do business in the State of Kansas.

"2. During 1948 a new building of tile and suitable material was built by or for defendant Carbon on Lots 15 and 16, Block 13, on the north side facing south upon Main Street and adjoining on the west side of Third Street in the City of Mound City, Kansas. The lots upon which the building is built are 55.15 feet wide.

"3. The street is 90 feet wide from property line to property line. Along the north side of Main Street through Block 13 is a curb line set back from the property line 14½ feet. There is next to the property line a cement sidewalk of approximately 5 feet. Between the sidewalk and the curb line is a space of approximately 10 feet which is earth upon which grows grass and other vegetation and in which there are growing shade trees and in which is set telephone poles and light poles beside the pumps and advertising standards hereinafter referred to.

"4. The traveled portion of Main Street through said Block 13 is of paving through the center part of some 20 or 22 feet and on each side of this paving up to the curb line is a surface of gravel and bitumin or tar so that the entire traveled portion of the street is fully surfaced. This traveled surfaced portion of the street is 61 feet wide. The courthouse grounds is directly across the street south from Block 13 and diagonal parking is permitted on both sides of the street.

"5. There is no contention and no evidence on the part of the plaintiff that the pumps referred to in this litigation are a menace to public safety or interfere with the convenience and use of the street in any way or that they constitute a fire hazard or in any way interfere with the use of the street by the public.

"6. About the time of the completion of the building and some time in the summer or fall of 1948, Henry Carbon was called before the Mayor and Councilmen and a friendly discussion was had with reference to installing pumps in front of the new building. The general conversation was that the city authorities did not want Carbon to place pumps in the street and he replied that if they did not want them there he would not place them there if he could reasonably locate them where they would not be in the public street.

"7. Some time thereafter the defendant Carbon and the defendant Socony-Vacuum Oil Company located gasoline pumps and tanks. The tanks contain-

ing the storage are north of the property line on the property of Carbon. The pumps, two in number, are located and situated in the street in the parking area between the sidewalk and the curb setting on concrete bases some 2.2 feet in or north of the street curb line, and about 12.3 feet out from the property line.

"8. A few weeks after the pumps were installed this action was commenced which seeks through equitable jurisdiction of the Court an injunction requiring the defendants to remove the pumps from the parking area.

"9. Mound City, Kansas, has a population of some 600 and the principal business buildings are located along Main Street, this building in question being the farthest east, and the business buildings of the city are located 2 more blocks west of Block 13.

"10. At the corner of the second block west on the south side of the street is the Peatman Motor Company. At this motor sales room and garage are located 2 gasoline pumps setting out from the property line and in the street the same approximate distance as the ones complained of. These are set upon concrete bases, permanently located, and have been located there for many years.

"11. In the same Block 13 there is also a garage known as the Pontiac Agency and operated by one Clinton Jaeger in front of which are 2 pumps located in the parking upon concrete bases and located identically with reference to curb line as the pumps complained of. These pumps have also been located in this position for several years. There is located in front of this Pontiac Garage with the pumps, on poles, three signs in connection with the operation of the business and the brand of gasoline sold.

"12. The defendants have in connection with their business along with the pumps and in this parking space also three signs on poles naming the business and the brand of merchandise sold. There is between the pumps of the defendants and the street to the east a telephone pole with 4 cross-arms and numerous wires. There are in this particular block in the parking beside the pumps of the defendants which are complained of, about 6 signs, the two pumps of Jaeger, a highway marker and five telephone poles. There are three city lots intervening between the property and pumps of the defendants and the property and pumps of the Jaeger Motor Company in the same block on the same side of the street.

"13. There had been a conversation some time before trial between some members of the city administration and Mr. Jaeger that he might some time have to move his pumps. Also there had been conversation with the light company that they might some time have to move their poles. There is no evidence that the telephone company had been informed of any intention to require it to move its poles.

"14. From the standpoint of appearance the building and pumps of the defendants are the newest and present the best appearance of anything along this block.

"15. There is no ordinance in the city of Mound City with reference to encroachment upon the public streets. On December 29, 1948, the city governing body met and passed a resolution declaring the pumps of the defendant 'in front of the business place operated on Lots 15 and 16 of Block 13 of said city,

constitutes an encroachment upon the public street and an obstruction thereof, and the same is hereby declared to be a purpresture and a public nuisance which should be abated forthwith at the expense of the operator of said business.'

"16. There has been no resolution leveled at the operators and owners of the other two sets of pumps similarly located or toward the light company, the telephone company or any other person or firm encroaching upon the city streets.

"17. The defendants counter by praying an injunction against the plaintiff enjoining it from interfering with the placement of its gasoline pumps as long as others continue with the sanction of the city to occupy and use the city streets in a similar way."

The court made the following conclusions of law:

"1. The injunction prayed on behalf of the plaintiff is denied. 2. The injunction prayed on behalf of the defendants is denied. 3. The costs of the case shall be paid equally by the plaintiff and defendants."

Also the court made the following comment:

"Courts of equity are organized and maintained to administer the law in the realm of jurisprudence where equity and good conscience are two of the predominating elements. One of the very fundamental elements of equity is equality. In fact, one of the legal equitable maxim is, 'equality is equity'. The inequality in procedure by the city authorities against the defendants in this case and other parties exactly similarly situated is so striking as to challenge the attention of the Court. There are in the one city block two places of business identically situated and yet the city authorities passing the resolution declaring one of them to be a nuisance and making no mention of the others, indicates clearly to the Court that some motive beside the clearing of the streets must be involved.

"There is no question in law but what the legal representatives of a city have the authority to clear obstructions from the streets, but in all equity and good conscience it appears to the Court that the action should be directed toward those of a class either by lines of business, street areas or in such a way that favoritism or prejudice will not be in evidence."

Judgment was rendered in harmony with the court's conclusions of fact and of law. The court's findings of fact embodied all, or practically all, of the material and stipulated facts in the court's conclusions respecting the parol testimony. Counsel for plaintiff filed no motion to set aside or modify any of the findings of fact, or to add to them. Neither did he file any motion for a new trial. The appeal is from the judgment of the court and was timely made. In appellant's brief counsel discusses the findings quite fully and adduces some matter from them not included in the court's findings, or at variance therewith. We cannot consider those matters. (See *Brown v. Brown,* 146 Kan. 7, 68 P. 2d 1105.)

Counsel for appellant cites and relies heavily on the case of *City of Emporia v. Humphrey,* 132 Kan. 682, 297 Pac. 712, 133 Kan. 176, 299 Pac. 850. In that case the governing body of the city, in regular meeting and by proper action, deemed and declared it to be necessary and expedient that the entire width of Commercial street be made available and devoted to public use. There was no picking out of one property owner and requiring him to remove an obstruction in the street while other persons with similar obstructions in the street were not required to move their obstructions. In short, there was no such discrimination in that case as was alleged and found here. Nevertheless, the court, in the third paragraph of the syllabus, took pains to use the following language:

"The governing body of a city may prohibit and prevent encroachments into and upon the streets of the city, and when it determines that an encroachment upon a street should be removed the court should not review the prudence of that determination unless it is charged and shown to have been arbitrary, capricious, or not made in good faith."

The matter is also mentioned in the opinion at page 689. The fact that the city has control of the streets and authority to have obstructions therein removed does not authorize it to pick out one person who has an obstruction in the street and require him to move it when the same type of obstruction on the same street, or on other similar streets, is permitted to be maintained. The general rule applicable is well stated in 62 C. J. S. 309, 310, as follows:

"Municipal regulations and actions must be uniform, general, and impartial in their operation. The exercise of municipal powers must be such as to operate with substantial equality and uniformity on all persons and classes similarly situated, and hence municipal ordinances and regulations which are unfair, partial, and discriminatory as between persons so situated are invalid. . . ." (Citing numerous authorities.)

Substantially the same thing, with supporting authorities, is stated in 37 Am. Jur. 773, 774. We have some cases to the same effect. (See *Smith v. Hosford,* 106 Kan. 363, 187 Pac. 685, and the authorities there cited, and *McCulley v. City of Wichita,* 151 Kan. 214, 98 P. 2d 192, 127 A. L. R. 312.) In *City of Norton v. Lowden,* 84 F. 2d 663, a case which arose in Kansas, it was said (p. 665):

"While a city has plenary power over streets and alleys, such power may not be exercised arbitrarily, capriciously, or in bad faith." (See *City of Emporia v. Railway Co.,* 94 Kan. 718, 147 Pac. 1095, and other cases.)

The case of *Kenney v. Village of Dorchester,* 101 Neb. 425, 163 N. W. 762, is directly in point. There plaintiff, the owner of two busi-

ness lots located on the main street of the village, installed modern gasoline apparatus consisting of a tank, buried beneath the surface of the ground, and a pump from which gasoline was delivered to automobile drivers who drove up to the curb. Both the tank and the pump were in the street between the sidewalk and the curb. On the same street, a block and a half away, a competitor, with the sanction of the city's governing body, had a similar place of business. The governing body adopted a resolution requiring plaintiff to remove his tank and pump. He sued to enjoin the city from requiring him to do so. The injunction was allowed by the trial court and the city appealed. The syllabus reads:

"The right of a private party to occupy part of a public street in front of his place of business must yield to public necessity or convenience, and ordinarily the question of public necessity or convenience is for the governing body of the municipality, but such body cannot act arbitrarily and deny to one citizen privileges which it grants to another under like conditions."

This decision was followed in *City of Pierce v. Schramm,* 116 Neb. 263, 216 N. W. 809, where it was held the governing body of the city "cannot act arbitrarily and deny to one citizen privileges which it grants to another under like conditions."

We think the court was justified in its conclusions of law, and in the judgment rendered. The judgment of the trial court is affirmed.